IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-00547-LTB

IN RE:

JOHN DAVID BARNES,
        Debtor.


CHARLES FLESCHE, GENE CALHOUN, and MOUNTAIN AUTO PARTS, INC.,
        Plaintiffs,

v.

JOHN DAVID BARNES and
D.C. BARNES ASSOCIATES, INC.,
        Defendants.
_____

**ORDER**
_____

This bankruptcy case is before me on Plaintiffs' Motion for Withdrawal of Reference [**Docket # 1**], Defendant, John David Barnes's, Objection [**Docket # 3**], and Plaintiffs' Reply [**Docket # 4**]. Oral argument would not materially assist in the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Plaintiffs' Motion for Withdrawal of Reference [**Docket # 1**].

The relevant alleged facts are as follows: Barnes filed a Chapter 7 bankruptcy petition on December 5, 2006. On February 27, 2007, Plaintiffs filed a Proof of Claim including claims for common law fraud. Plaintiffs subsequently obtained additional information regarding Barnes and his business dealings and received permission from the bankruptcy court to file an amended complaint asserting new claims for fraud, conversion, and breach of fiduciary duty under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). In both the original Complaint and the Amended

Complaint, Plaintiffs demanded a jury trial. On March 3, 2008, Barnes notified Plaintiffs that he contests Plaintiffs' right to a jury trial. Plaintiffs now seek to withdraw this matter from the bankruptcy court and to have a jury trial held in this Court.

"Where the seventh amendment requires a jury trial to be held in bankruptcy, that trial must take place in the district court, sitting in its original jurisdiction in bankruptcy." *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990). When a creditor has submitted a claim against the estate, however, he loses his Seventh Amendment right to a jury trial and instead submits himself to the bankruptcy court's equitable power. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56–58 (1989).

It is undisputed that Plaintiffs filed a Proof of Claim against the estate, and thereby waived their right to a jury trial. Plaintiffs argue, however, that the filing of the First Amended Complaint revived their right to a jury trial as to any new claims raised therein. Plaintiffs cite no authority for this position, nor is this Court aware of any. Moreover, the proposed rule seems clearly at odds with the Supreme Court's holding in *Langenkamp v. Culp*, 498 U.S. 42 (1990), that parties who "file[] claims against the bankruptcy estate thereby bring[] themselves within the equitable jurisdiction of the Bankruptcy Court." *Id*. at 45.

Accordingly, Plaintiffs' Motion for Withdrawal of Reference [**Docket # 1**] is DENIED.

Dated: July   31  , 2008.

                                                                            BY THE COURT:

                                                                    s/Lewis T. Babcock
                                                                    Lewis T. Babcock, Judge